J-S46019-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LUIS DANIEL TIERRANEGRA | : | |
| | : | |
| Appellant | : | No. 789 EDA 2019 |

Appeal from the PCRA Order Entered February 5, 2019
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0000753-2005

BEFORE: PANELLA, P.J., OLSON, J., and COLINS, J.[*]

MEMORANDUM BY OLSON, J.:                    **FILED SEPTEMBER 13, 2019**

Appellant, Luis Daniel Tierranegra, appeals *pro se* from the order entered on February 5, 2019, which dismissed his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

In 2005, Appellant pleaded guilty to rape of a child, involuntary deviate sexual intercourse with a child, endangering the welfare of children, and corruption of minors.[1] On October 27, 2005, the trial court sentenced Appellant to serve an aggregate term of 15 to 30 years in prison for his convictions. Appellant did not file a direct appeal from his judgment of sentence.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3121(c), 3123(b), 4304(a), and 6301(a), respectively.

On June 8, 2018, Appellant filed a *pro se* "Motion for Time Credit and Corrected Commitment" in the court of common pleas. Within this motion, Appellant asked for relief because "he was not given credit for [] time served in Chester County Prison[] prior to sentencing." Appellant's "Motion for Time Credit and Corrected Commitment," 6/8/18, at 1 (some capitalization omitted).

The court of common pleas construed Appellant's motion to be a PCRA petition. Moreover, since this was Appellant's first PCRA petition, the PCRA court appointed counsel to represent Appellant. PCRA Court Order, 7/13/18, at 1-2. However, on October 23, 2018, appointed counsel filed a no-merit letter and a request to withdraw as counsel, pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). After reviewing counsel's no-merit letter, the PCRA court issued Appellant notice, pursuant to Pennsylvania Rule of Criminal Procedure 907, of its intent to dismiss Appellant's petition in 20 days, without holding a hearing. PCRA Court Order, 12/26/18, at 1–3.

On January 18, 2019, Appellant filed a *pro se* response to Rule 907 notice, where he claimed: 1) his petition is timely under the "governmental interference" exception to the PCRA's one-year time-bar, as Appellant first learned that he was entitled to credit for time served when he was "in the process of being deported by [United States authorities to] . . . Mexico;" 2) his trial counsel was ineffective in failing to demand that Appellant receive credit for the time he previously served; 3) his PCRA counsel was ineffective

- 2 -

for failing to properly plead an exception to the PCRA's one-year time-bar; and, 4) the PCRA court erred in dismissing his petition without holding a hearing. Appellant's *Pro Se* Response to the Rule 907 Notice, 1/18/19, at 1-7.

On February 5, 2019, the PCRA court granted counsel's petition to withdraw and finally dismissed Appellant's petition. PCRA Court Order, 2/5/19, at 1-2. Appellant filed a timely notice of appeal. On March 15, 2019, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal within 21 days, in accordance with Pennsylvania Rule of Appellate Procedure 1925(b). PCRA Court Order, 3/15/19, at 1. Appellant did not file a Rule 1925(b) statement.

We will not restate the claims Appellant raises in his brief, as his failure to file a Rule 1925(b) statement renders the claims waived. ***In re L.M.***, 923 A.2d 505, 509 (Pa. Super. 2007) ("[i]f an appellant does not comply with an order to file a Rule 1925(b) statement, all issues on appeal are waived"); Pa.R.A.P. 1925(b)(4)(vii) ("[i]ssues not included in the [Rule 1925(b)] Statement . . . are waived"). Further, even if Appellant had not waived his claims on appeal, we would still affirm the PCRA court's order that dismissed Appellant's petition. To be sure, we do not have jurisdiction to consider the merits of any substantive claim Appellant raises, as Appellant's "Motion for Time Credit and Corrected Commitment" constitutes an untimely PCRA petition.

The PCRA "provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain

collateral relief." 42 Pa.C.S.A. § 9542. As the statute declares, the PCRA "is the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies . . . including *habeas corpus* and *coram nobis*." ***Id.***; ***see also Commonwealth v. Ahlborn***, 699 A.2d 718, 721 (Pa. 1997). Thus, under the plain terms of the PCRA, "if the underlying substantive claim is one that could potentially be remedied under the PCRA, that claim is **exclusive to** the PCRA." ***Commonwealth v. Pagan***, 864 A.2d 1231, 1233 (Pa. Super. 2004) (emphasis in original).

Within his "Motion for Time Credit and Corrected Commitment," Appellant claimed that he was entitled to relief because, prior to sentencing, the trial court failed to give him the proper amount of credit for time served. Appellant's "Motion for Time Credit and Corrected Commitment," 6/8/18, at 1. This claim implicates the legality of Appellant's sentence. ***Commonwealth v. Davis***, 852 A.2d 392, 399 (Pa. Super. 2004) ("[a]n attack upon the court's failure to give credit for time served is an attack upon the legality of the sentence"). The PCRA undoubtedly encompasses Appellant's claim, as the claim concerns "matters affecting [Appellant's] conviction [or] sentence." ***Commonwealth v. Judge***, 916 A.2d 511, 520 (Pa. 2007), *quoting* ***Coady v. Vaughn***, 770 A.2d 287, 293 (Pa. 2001) (Castille, J., concurring); ***see also*** 42 Pa.C.S.A. § 9542 ("[the PCRA] provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief").

Appellant's claim thus falls under the rubric of the PCRA and, since the PCRA encompasses Appellant's claim, Appellant "can only find relief under the PCRA's strictures." ***Pagan***, 864 A.2d at 1233; ***see also Commonwealth v. Jackson***, 30 A.3d 516, 521 (Pa. Super. 2011) ("[petitioner's legality of sentence] claim is cognizable under the PCRA . . . . [Thus, petitioner's] 'motion to correct illegal sentence' is a PCRA petition and cannot be considered under any other common law remedy").

The PCRA contains a jurisdictional time-bar, which is subject to limited statutory exceptions. This time-bar demands that "any PCRA petition, including a second or subsequent petition, [] be filed within one year of the date that the petitioner's judgment of sentence becomes final, unless [the] petitioner pleads [and] proves that one of the [three] exceptions to the timeliness requirement . . . is applicable." ***Commonwealth v. McKeever***, 947 A.2d 782, 785 (Pa. Super. 2008); 42 Pa.C.S.A. § 9545(b). Further, since the time-bar implicates the subject matter jurisdiction of our courts, we are required to first determine the timeliness of a petition before we are able to consider any of the underlying claims. ***Commonwealth v. Yarris***, 731 A.2d 581, 586 (Pa. 1999). Our Supreme Court has explained:

> the PCRA timeliness requirements are jurisdictional in nature and, accordingly, a PCRA court is precluded from considering untimely PCRA petitions. [The Pennsylvania Supreme Court has] also held that even where the PCRA court does not address the applicability of the PCRA timing mandate, th[e court would] consider the issue *sua sponte*, as it is a

> threshold question implicating our subject matter jurisdiction and ability to grant the requested relief.

***Commonwealth v. Whitney***, 817 A.2d 473, 475-476 (Pa. 2003) (citations omitted). "The question of whether a [PCRA] petition is timely raises a question of law. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary." ***Commonwealth v. Taylor***, 65 A.3d 462, 468 (Pa. Super. 2013) (citations omitted).

The trial court sentenced Appellant on October 27, 2005 and Appellant did not file a direct appeal to this Court. Thus, for purposes of the PCRA, Appellant's judgment of sentence became final on Monday, November 28, 2005, when the time for filing a notice of appeal to this Court expired. 42 Pa.C.S.A. § 9545(b)(3). As Appellant did not file his current petition until June 8, 2018, the current petition is manifestly untimely and the burden thus fell upon Appellant to plead and prove that one of the enumerated exceptions to the one-year time-bar applied to his case. ***See*** 42 Pa.C.S.A. § 9545(b)(1); ***Commonwealth v. Perrin***, 947 A.2d 1284, 1286 (Pa. Super. 2008) (to properly invoke a statutory exception to the one-year time-bar, the PCRA demands that the petitioner properly plead and prove all required elements of the relied-upon exception).

Within Appellant's response to the Rule 907 notice, Appellant claimed that his petition was timely because it fell within the governmental interference exception to the PCRA's one-year time-bar. ***See*** Appellant's *Pro Se* Response to the Rule 907 Notice, 1/18/19, at 1-7. The governmental interference exception provides:

- 6 -

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States[.]

. . .

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S.A. § 9545(b).[2]

According to Appellant, his petition falls within the governmental interference exception to the time-bar because he first learned that he was entitled to credit for time served when he was "in the process of being deported by [United States authorities to] . . . Mexico." Appellant's *Pro Se* Response to the Rule 907 Notice, 1/18/19, at 1-7. To establish the governmental interference exception, Appellant was required to plead and prove that his "failure to raise the claim previously was the result of

_____

[2] Effective December 24, 2018, the legislature amended Section 9545(b)(2) to read: "Any petition invoking an exception provided in paragraph (1) shall be filed within one year of the date the claim could have been presented." *See* 42 Pa.C.S.A. § 9545(b)(2) (effective December 24, 2018). However, the amendment to Section 9545(b)(2) only applies to "claims arising on [December] 24, 2017 or thereafter." *See id.* at Comment. Within Appellant's PCRA petition, Appellant did not plead the date upon which he learned he was entitled to credit for time served. Therefore, we quoted the prior version of Section 9545.

interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States." 42 Pa.C.S.A. § 9545(b)(1)(i). Appellant's contention does not plead a cognizable governmental interference claim because (among other things) Appellant does not allege: that government officials interfered with his ability to raise the illegal sentencing claim earlier or that government officials violated the Constitution or laws of either Pennsylvania or the United States. 42 Pa.C.S.A. § 9545(b)(1)(i). Therefore, Appellant did not properly plead the governmental interference exception to the PCRA's time-bar.

Since Appellant failed to plead a valid exception to the PCRA's time-bar, Appellant's petition is time-barred. Thus, our "courts are without jurisdiction to offer [Appellant] any form of relief."[3] **Commonwealth v. Jackson**, 30 A.3d 516, 523 (Pa. Super. 2011). We affirm the PCRA court's order dismissing Appellant's PCRA petition without a hearing.

Order affirmed. Jurisdiction relinquished.

---

[3] To the extent Appellant claims that his illegal sentencing claim is non-waivable, we note that, in **Commonwealth v. Fahy**, our Supreme Court held: "[a]lthough legality of sentence is always subject to review within the PCRA, **claims must still first satisfy the PCRA's time limits or one of the exceptions thereto**." **Commonwealth v. Fahy**, 737 A.2d 214, 223 (Pa. 1999) (emphasis added).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>9/13/19</u>